﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190826-40572
DATE: August 31, 2020

REMANDED

1. Entitlement to compensation under 38 U.S.C. § 1151 for tremors, to include those associated with Parkinson’s Disease, is remanded.

2. Entitlement to compensation under 38 U.S.C. § 1151 for stroke residuals is remanded.

REASONS FOR REMAND

The Veteran served on active duty from August 1984 to June 1987. He additionally served with the United States Army Reserve from June 1987 to December 1992, with active duty for training from February 1, 1990 to February 9, 1990. 

The Veteran asserts that that he incurred additional medical disabilities as a result of left inguinal hernia repair surgery performed by VA in May 2013. Specifically, the Veteran alleges that he suffered a stroke during his hernia repair procedure and one subsequently thereafter. He argues that as a result of his stroke(s), he has developed Parkinson’s disease. 

This appeal is being reviewed under the newer VA framework provided for in the Appeals Modernization Act (AMA), which was enacted in 2019. The AMA was designed for veterans dissatisfied with VA’s decision on their claim to seek review. The AMA applies to claims decided on or after February 19, 2019. 

In July 2019, the Agency of Original Jurisdiction (AOJ) issued a rating decision that denied the issues on appeal. In August 2019, the Veteran submitted a VA Form 10182, appealing to the Board. The Veteran requested 90 days in order to submit additional evidence. The 90 days has expired; therefore, the Board taken jurisdiction of the appeal. 

Compensation for additional disabilities under 38 U.S.C. § 1151

The AMA provides that remands are warranted based on VA’s duty to assist prior to the AOJ decision. Pub. L. No. 115-55, § 2(d)(2). The AMA structure allows remand only where VA has committed error in the duty-to-assist (DTA) prior to the decision on appeal. 

Medical records in the file include a partial CT head scan report that was submitted by the Veteran in support of his stroke claim. The available first page of the February 24, 2017 CT scan report reflects, in pertinent part, that it was undertaken because of “left side tremor and rigidity” and revealed “prominent peripheral cerebral sulci and lateral ventricles, most consistent with diffuse cerebral atrophy,” and a “suggestion of focal low-attenuation involving the right inferior occipital lobe... likely representing an old infarction versus artifact.” The Veteran also submitted copies of a prescription medication explanation sheet that shows he was prescribed a medication in 2018 used for the treatment of Parkinson’s Disease or Parkinson’s-like symptoms. Although the Veteran states that he has been diagnosed with Parkinson’s disease, his treating medical providers have opined he does not have the disease. The Board notes that the AOJ did not obtain a medical opinion in connection with the appeal. 

The Veteran’s theory of entitlement to compensation essentially provides that compensation shall be awarded for a “qualifying additional disability” in the same manner as if such additional disability were service-connected. A disability is a qualifying additional disability if the disability was not the result of a veteran’s willful misconduct and (1) the disability was caused by hospital care, medical or surgical treatment, or examination furnished the veteran under any law administered by the Secretary, either by a VA (Department) employee or in a Department facility as defined in 38 U.S.C. § 1701 (3)(A), and (2) the proximate cause of the disability was (a) carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the Department in furnishing the hospital care, medical or surgical treatment, or examination; or (b) an event not reasonably foreseeable. 38 U.S.C. § 1151.

After a thorough review of the record, the Board finds the need to remand this appeal compelling given the incomplete copy of the February 2017 CT scan report that suggests evidence of an old infarction, and the need for a medical opinion that discusses the Veteran’s claimed theory of entitlement to compensation in an area the Board finds to be medically complex. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (VA may only consider independent medical evidence to support its findings and is not permitted to base decisions on its own unsubstantiated medical conclusions). 

The Board cannot make a fully-informed decision on the issues of entitlement to compensation pursuant to 38 U.S.C. § 1151 for either a stroke or upper extremity tremors because a piece of significant evidence cannot be located in the claims file. Additionally, an informed decision cannot be made as no VA examiner has determined the nature of any such current disability suffered by the Veteran or adequately opined whether any such disability was actually caused by VA treatment and, if so, whether the proximate cause of the disability was carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA, or an event not reasonably foreseeable. In other words, a complete copy of the CT head report referenced above and a medical opinion in this case are necessary, and consequently the AOJ committed a duty to assist error in not obtaining this evidence. 

Therefore, the February 24, 2017 CT scan report and a medical opinion by an appropriately qualified medical examiner should be obtained upon remand. 38 U.S.C. § 5103A; 38 C.F.R. § 3.159.

The matters are REMANDED for the following actions:

1. Attempt to obtain a complete copy of the February 24, 2017 Head CT scan report referenced above, the first page of which the Veteran submitted as evidence supportive of his stroke claim. 

2. Forward the file to an appropriate examiner for an opinion on whether the Veteran developed additional disabilities as a result of his May 2013 inguinal surgical repair. 

The examiner is asked to determine whether the Veteran has any additional disabilities as a result of the May 2013 inguinal hernia repair, claimed as tremors, stroke residuals, and Parkinson’s disease, that were the result of any deficiencies by VA.

Based on a review of the entire evidence of record, the examiner is asked to provide an opinion as to whether any additional disabilities were the result of the VA surgical treatment in May 2013:

a. caused by or became worse as a result of the VA surgical treatment and subsequent care,

b. caused by carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA in furnishing the surgical treatment,

c. was an event not reasonably foreseeable,

A complete rationale for any opinion must be provided. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. The examiner must indicate whether there was any further need for information to decide. Additionally, the examiner must indicate whether any opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner. 

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Talpins, Patricia

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.